## PFLUGER et al. v. HUTTO INDEPENDENT SCHOOL DIST.

No. 7516.

Court of Civil Appeals of Texas. Austin.

Nov. 12, 1930.

Rehearing Denied Dec. 10, 1930.

Amos Peters, of Taylor, and Wilcox & Graves, of Georgetown, for appellants.

Allen & Wofford, of Taylor, for apppellee.

BLAIR, J.

On September 28, 1928, the appellants sued appellee Hutto independent school district for $409.60, as taxes paid under mutual mistake that appellants' land, against which the taxes were assessed, was in appellee district. The last of these taxes were paid January 20, 1926, and the court sustained appellee's plea of limitation to the suit, finding and concluding as follows:

"That there was nothing to arouse in plaintiffs' minds the slightest suspicion of the mistake, except the fact that said property (land) was situated a 'long ways' from the town of Hutto; that in the fall of 1926 and less than two years before this suit was instituted plaintiff C. W. Pfluger, prompted by a suspicion of the mistake (such suspicion being aroused by the fact that said property was located a 'long ways' from the town of Hutto), went to the office of the County Clerk of the County in which said District is located and, with the assistance of the County Clerk, examined the field notes of said District which have been of record ever since 1919, * * * and came to the conclusion that said property was located outside of the boundaries of said district; that plaintiffs then obtained the assistance of the County Surveyor of said County who, with the aid of his own data, determined from said recorded field notes that said property was not located within the boundaries of said district; * * * and this court further finds that if plaintiffs had exercised reasonable diligence they would have discovered, more than two years before this suit was brought, that said property was not located within the boundaries of Hutto Independent School District; thence, the court concludes that defendant's plea of limitation should be sustained."

The sole contention of appellants is that the above findings of fact show as a matter of law that they did exercise due diligence to ascertain whether their land was not in appellee district under the rule that "in order to prevent the running of the statute of limitations against the mutual mistake of parties, one must exercise reasonable diligence to discover such mistake only after he has some circumstance or fact to arouse suspicion thereof."

The fact or circumstance that appellants' land was located a "long ways" from Hutto, which aroused appellants' suspicion in 1926, that the land was not in the appellee district, existed since the creation of the district in 1919. Appellants knew at all times that their land was located a "long ways" from the town of Hutto, and the exercise of the same diligence any year after the creation of appellee district as appellants exercised in 1926, after their suspicion had been aroused because the land was a "long ways"

from Hutto, would have revealed the fact that the land was not in appellee district. Generally speaking, one is presumed to know in what political subdivision of the government his land or property is located for taxation purposes, and he cannot be said to have exercised dues diligence to ascertain that fact as a matter of law, when for six years he paid taxes on demand to an independent school district, knowing at all times that his land is located a "long ways" from the seat of the district, and with access to the public record of the boundaries of the school district at all times, which would and did reveal the fact that his land was not in the district. We conclude that the evidence sustains the findings and conclusions of the trial court that appellants' cause of action was barred by the two-year statute of limitation (Rev. St. 1925, art. 5526), and therefore affirm the judgment of the trial court.

Affirmed.