**G. V. MATTHEWS, Appellant,**

v.

**CITY OF FORT WORTH et al.,**
Appellees.

No. 15649.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 28, 1955.

Rehearing Denied Nov. 25, 1955.

Ernest May, Fort Worth, for appellant.

R. E. Rouer, S. G. Johndroe, Jr., Robert Goodrich, John Gano, G. Gordon Whitman, and June R. Welch, Fort Worth, for appellees.

MASSEY, Chief Justice.

From a summary judgment entered in behalf of the plaintiffs, City of Fort Worth and Fort Worth Independent School District, in a suit for personal property taxes, the defendant G. V. Matthews appealed.

Reversed and remanded.

The City's cause of action was for delinquent 1950 taxes which were assessed upon personal property at a valuation of $5,000. By its petition, the City described the property in question as "pick-up, accounts receivable and office furniture." The defendant joined issue by filing his answer denying that he had any pick-up or accounts receivable or other personal property taxable by the City or its companion plaintiff for the year 1950, except personal property (office furniture) of no greater value than $250. The defendant further averred that the assessment of his property for 1950 was unreasonable, arbitrary and void.

The City and the School District filed a motion for summary judgment, making out a prima facie case of liability through the introduction in evidence of the official records of the tax assessor-collector. By counter-affidavit in resistance to the motion, the defendant swore: "* * * the defendant denies that the personal property taxes claimed by the plaintiff were lawfully assessed or are due. The defendant did not reside in the City of Fort Worth at any time in 1950. None of his personal property was located in Fort Worth on January 1, 1950, except office furniture of no greater value than $250. The taxes claimed by the City were assessed upon promissory notes, accounts receivable, and a motor vehicle. None of this property had any situs in Fort Worth January 1, 1950, nor afterward."

The motion heard, the court below held that the defendant's counter-affidavit failed to set forth facts which would be admissible in evidence were there a trial upon the merits, in accordance with the requirements of Texas Rules of Civil Procedure, rule 166–A, subd. (e), and that no issue of fact being raised, summary judgment was in order.

With this conclusion on the part of the trial court we find ourselves unable to agree. Excluding the question of the office furniture of the defendant, and which he admits was taxable upon a proper basis for the year 1950, we have for consideration the "pick-up and accounts receivable". The defendant contends, as he alleged in his answer, that he raised an issue of fact to be determined by a trier of fact when he filed his sworn counter-affidavit setting up as a fact that such property was not located in, and did not have any situs in Fort Worth on January 1, 1950, nor afterward.

We agree with the defendant. In the case of Pfluger v. Hutto Independent School District; Tex.Civ.App., Austin, 1930, 34 S.W.2d 632, 633, it was said: "Generally speaking, one is presumed to know in what political subdivision of the government his land or property is located for taxation purposes, * * *." With this expression of the law we agree. It follows that a property owner who testifies upon the matter of the situs of his property for taxation purposes either testifies to the fact, or to a conclusion premised upon facts with which he is necessarily acquainted. The City did not object to the counter-affidavit, nor to any part thereof at the time the motion was heard, and did not attempt to have any of it stricken. Under these circumstances, when dealing with the question of whether a counter-affidavit is sufficient to raise an issue of fact to be tried, such a statement as here considered will be deemed in compliance with the requirements of Texas Rules of Civil Procedure, rule 166–A, subd. (e), and sufficient to raise an issue of fact.

We have remaining the matter of the office furniture which the defendant admits was taxable. Defendant swore that it was "of no greater value than $250.00". From the City's tax roll was prima facie established the fact that the proper assessed valuation of all the personal property of the defendant was $5,000. It is contended

that in order for the defendant to defeat the judgment which was rendered against him he must make a reasonable showing to the effect that the evaluation of his property was grossly excessive in comparison with other property similarly situated to his own. In this case the record is silent as to any other property or its true or evaluated worth.

It is true that by such a showing the defendant would have been entitled to defeat the judgment entered against him, but that would not be the only method. He may defeat the judgment by showing that the evaluation of his property was grossly excessive in comparison with a proper evaluation, and this may be done without showing any facts relative to other property similarly situated. It is shown when it is established that its taxable evaluation was so much lower than the evaluation upon which it was actually taxed that the latter was so grossly excessive as to render it void. City of Fort Worth v. Fort Worth Radiator Mfg. Co., Tex.Civ.App., Forth Worth, 1955, 278 S.W.2d 184, writ refused, n. r. e. In the case of Dallas County v. Dallas Nat. Bank, 1944, 142 Tex. 439, 179 S.W.2d 288, 289, Chief Justice Alexander said: "A reasonable discrepancy between the true value of the property and the value at which it is assessed for taxes will be permitted to cover the difference in judgment as to the value of the property; but where the property is assessed at a value seven times as high as its true value, the discrepancy is too great. It does not evidence a mere difference in judgment as to the value of the property." See authorities and texts cited.

In the present instance, the discrepancy amounts to the difference between $250 and $5,000. By the counter-affidavit of the defendant upon the matter of the value of his property, whether his testimony thereby given be considered to relate to the $250 as a true value or as a proper evaluation for tax purposes, is raised as an issue of fact to be tried.

The defendant contends that his affidavit and counter-motion for summary judgment should have been granted. We have examined his contentions in this regard but have concluded that they are without merit. His motion for summary judgment was properly refused.

The summary judgment for the City of Fort Worth and the Fort Worth Independent School District is reversed, and the cause is remanded for a trial on the merits.