**SIMKINS v. CITY OF CORSICANA.**

No. 1633.

Court of Civil Appeals of Texas. Waco.

Oct. 3, 1935.

J. S. Simkins and R. R. Owen, both of Corsicana, for appellant.

Chas. T. Banister, Davis, Jester & George, and Beauford H. Jester, all of Corsicana, for appellee.

ALEXANDER, Justice.

This suit was brought by the City of Corsicana against Mrs. Eliza J. Simkins to recover delinquent taxes for the years 1921 to 1929, inclusive, and to foreclose a tax lien on the land against which the taxes had been assessed. The defendant, in addition to a general denial, alleged that during all of the years in question said property, over defendant's protest, had been assessed for taxes at a grossly excessive amount; that in April, 1928, said city, through its officers, entered into a contract with one Erinborg under which he was to place a value for tax purposes on all real property within the city of Corsicana; that the said Erinborg, without notice to the defendant and without hearing any evidence as to the value of the property in question, arbitrarily valued said property at $29,130, and so reported the same to the city; that thereafter said city arbitrarily and without the hearing of evidence or otherwise ascertaining the value thereof, and without regard to the true value, adopted said valuation as to the value of said property for tax purposes and has since that time, over defendant's protest, arbitrarily maintained said value as the value at which said property should be taxed; that when defendant protested against the valuation so placed on her property, she was advised by the board of equalization that said valuation had been fixed and established by Erinborg and could not be disturbed or changed, notwithstanding it was shown that such valuation was grossly excessive;

that in truth and in fact said valuation was grossly excessive and that, notwithstanding the defendant's protest, said city and its board of equalization had arbitrarily, illegally, and fraudulently refused to lower said valuation and refused to permit the defendant to render her said property for taxes at a lower valuation. Defendant alleged that the action of said city commission and the board of equalization in so fixing the value of said property was arbitrary, fraudulent, illegal, and void, and that as the result the city had no right to collect said taxes.

The case was tried before a jury, and at the conclusion of the evidence an instructed verdict was given for plaintiff for its debt, with foreclosure of its lien. The defendant has appealed.

 Since the trial court withdrew the case from the jury and gave an instructed verdict for the appellee, it becomes our duty, in passing on the correctness of such ruling, to consider the evidence in the light most favorable to appellant and to indulge every reasonable intendment fairly deducible from the evidence in her favor. If the evidence when so considered does not establish appellee's right to recover with such certainty that reasonable minds cannot differ as to the effect thereof, then it becomes our duty to reverse the judgment of the lower court and to remand the cause for a new trial. 3 Tex. Jur. 1049; Thomas v. Postal Telegraph-Cable Co. (Tex. Com. App.) 65 S.W.(2d) 282; Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, 61, 143 S. W. 1150, par. 1; Guedry v. Jordan (Tex. Civ. App.) 268 S. W. 191, par. 4; Bragg v. Houston Electric Co. (Tex. Civ. App.) 264 S. W. 245, par. 11; Charles v. El Paso Electric R. Co. (Tex. Com. App.) 254 S. W. 1094; Boone v. City of Stephenville (Tex. Civ. App.) 37 S.W. (2d) 842.

The evidence shows that during all of the years in question it was the custom of the city of Corsicana to tax all real property within its limits at 40 per cent. of its actual value, and that during said years said property had been assessed at a valuation of from $12,500 to $13,000 per year. It further shows that early in 1928 the city employed one Erinborg to ascertain the value of all real property within the city. He fixed the value of the property in question at $29,130. Thereafter, for the years 1928 and 1929, said property was assessed for tax purposes at the valuation of $12,-500. Numerous witnesses testified that the real value of the property did not exceed $20,000. Some of them placed the value as low as $17,500. If the real value of the property was $20,000 and the city followed the custom of assessing other property at 40 per cent. of its real value, then the property in question should have been assessed at only $8,000 instead of $12,500. There was evidence to the effect that the board of equalization in fixing the valuation of property for tax purposes adopted as a whole the valuation as made by Erinborg, and that it adhered to said valuation as near as possible and deviated therefrom only in rare instances, as where there had been a change in conditions caused by the burning of improvements or like conditions. Appellant's son, who handled the property for his mother, testified, in substance, that each year when the property was assessed for tax purposes by the city, he appeared before the board of equalization for the purpose of having the valuation lowered; that he protested to the board and informed the members thereof that the valuation so fixed was grossly excessive, but that said board, without the hearing of evidence or otherwise undertaking to ascertain the true value of the property, always informed witness that the valuation had already been fixed; and that the witness understood from statements made by members of the board that the board had previously adopted Erinborg's report of valuations as a whole to be applied throughout the city and was adhering thereto.

 It is well settled that the decisions of tax boards in matters of valuation are quasi judicial in their nature, and therefore they are not subject to collateral attack, in the absence of fraud or other obvious violations of law. No mere discrepancy between the true value of the property and the amount at which it is assessed will warrant a court in setting aside a valuation fixed by the board where such valuation is the result of the honest judgment of the board in the application of lawful principles. On the other hand, if the board acts arbitrarily or capriciously or applies wrong principles in ascertaining the true value, then such valuations may be set aside by the courts. Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493; Lively v. Missouri, K. & T. Ry. Co., 102 Tex. 545, 120 S. W. 852; Rowland v. City of Tyler (Tex. Com. App.) 5 S.W.(2d) 756; State v. Richardson (Tex. Com. App.) 84 S.W.(2d) 1076.

In the case at bar, the evidence was sufficient to have justified the jury in concluding that the valuation as fixed by the board was grossly excessive. There are some authorities in this state which hold that the mere fact that the assessment is grossly excessive is sufficient to authorize a jury to infer that the board acted arbitrarily. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71 (writ denied); City of Sweetwater v. Biard Development Co. (Tex. Civ. App.) 203 S. W. 801. The evidence was also sufficient to have justified the jury in inferring that the board arbitrarily so assessed the property merely because it had agreed in advance to adopt and adhere to Erinborg's blanket report of the value of all real property within the city. It is true there was evidence to the contrary, but the jury might not have believed it, and, in passing on the correctness of the ruling of the trial court in giving an instructed verdict for plaintiff, we must disregard such evidence. We know of no valid reason why a tax board cannot employ an expert to assist it in arriving at the true value of taxable property, and when such expert has been employed the board should have a right to take into consideration the information so furnished by him in ascertaining the true value of property for tax purposes. Stevens v. City of El Paso (Tex. Civ. App.) 81 S.W.(2d) 149; Federal Royalty Co. v. State (Tex. Civ. App.) 42 S.W.(2d) 670. But it must be remembered that such experts so employed bear no official relationship to the property owner and have no statutory authority to fix the value at which the property is to be assessed for taxes. The matter of ascertaining the true value of the property is committed alone to the board of equalization, and that board must formulate its opinion and exercise its judgment in arriving at the value of each particular piece of property. Such board cannot avoid its responsibility by delegating the matter to an irresponsible third party nor discharge its duty by arbitrarily adopting in toto a blanket report of such expert as to the value of all property in the city and thereafter adhere thereto without regard to the true value of the particular piece of property under consideration. If the board arbitrarily adopted Erinborg's report and adhered thereto without regard to the true value of the. property, then it employed a wrong principle in fixing the value of the property and the assessment must be set aside. State v. Richardson (Tex. Com. App.) 84 S.W.(2d) 1076; Ogburn v. Ward County Irrigation Dist. No. 1 (Tex. Civ. App.) 267 S. W. 316; Id. (Tex. Com. App.) 280 S. W. 169; Allen v. Emery Independent School Dist. (Tex. Civ. App.) 283 S. W. 673; Randals v. State (Tex. Civ. App.) 15 S.W.(2d) 715; Hunt v. Throckmorton Independent School Dist. (Tex. Civ. App.) 59 S.W.(2d) 470; Rowland v. City of Tyler (Tex. Com. App.) 5 S.W. (2d) 756.

In our opinion, the evidence in this case raised an issue of fact and the trial court erred in refusing to submit same to the jury.

The judgment of the trial court is reversed, and the cause remanded for a new trial.