**BOHMFALK et al.**

v.

**YANCEY RURAL HIGH SCHOOL DIST. NO. 16 et al.**

No. 12684.

Court of Civil Appeals of Texas.

San Antonio.

May 26, 1954.

Rehearing Denied June 23, 1954.

Francis C. Richter and Fly, Vance & Davis, Hondo, for appellants.

J. C. Hinsley, Austin, for appellees.

NORVELL, Justice.

This is an appeal from an order refusing plaintiffs' prayer for a perpetual injunction, and declaring valid the assessments of their properties made by the defendant district. Some fifty-one owners of property lying within the boundaries of the Yancey Rural High School District No. 16, composed of lands in Medina and Frio County, Texas, sought to restrain the collection of taxes for the year 1952, on the grounds that the assessments of property for such year were illegal and void. Findings of fact and conclusions of law were neither requested nor filed, and therefore we presume that all issues having support in the evidence were found in support of the judgment. Awalt v. Beeville Independent School District, Tex.Civ.App., 226 S.W. 2d 913.

Although numerous parties were named in the petition, it appears that a number of these failed to appear before the district's board of equalization, Stevens v. City of El Paso, Tex.Civ.App., 81 S.W.2d 149, while others had, without protest, voluntarily paid their taxes based upon the assessments which were attacked in this lawsuit. In order to obtain the relief prayed

for it was necessary for the plaintiffs to show that they had used all proper means to obviate the necessity of applying to the courts and that such means had failed to afford relief. It was also necessary for them to show that they, as taxpayers, had suffered some pecuniary damage as a result of alleged wrongful actions of the taxing authorities. It has been held as a matter of settled law that "the government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable." City of Wichita Falls v. J. J. & M. Taxman Refining Co., Tex.Civ. App., 74 S.W.2d 524, 530, wr. ref., quoted with approval in Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W. 2d 879. See, also, Howth v. City of Beaumont, Tex.Civ.App., 118 S.W.2d 350. It was also stipulated upon the trial that none of the property of the complaining parties has been assessed in excess of the market value.

▮ The substantial question in the case is whether or not the lands of the efficiently complaining parties was valued in accordance with a plan or scheme of assessment similar to that held illegal in City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820, wherein it appeared that according to a plan adopted by the governing officials of the City of Houston, land was taxed at 70% of its full value; improvements on land at 25%; stocks of merchandise and similar personal property at 50%, while money, stocks, bonds, notes, mortgages and similar property were not taxed at all.

While there is some indication in the testimony of Oscar L. Saathoff, the tax assessor of the district, that in making up the original assessments, he made an arbitrary distinction between homestead and non-homestead property, we do not believe the evidence is of the compelling and controlling nature which would authorize this Court's overturning the trial judge's implied finding that the governing officials of the district did not apply unfair and improper standards in fixing the final valuation of the property.

Saathoff testified that when he was appointed assessor, the Board of Trustees gave him no directions as to preparing the assessment rolls; that he secured statements of the property within the district located within Medina County, together with the valuations placed thereon from the tax assessor of such county, and a like statement from the tax assessor of Frio County; that the valuation for purposes of appellee district were raised about eighty-five per cent, although "some of them were raised more and some of them were raised less"; that he figured a homestead tract of 200 acres at "twenty dollars figuring the improvements," that he did not, however, value all homesteads at $20 per acre, but recalled many such tracts that were not so valued; that he figured non-homestead land generally consisting of pasture land, at $9 per acre, although some of it was figured at a higher rate when it had improvements upon it; that he figured the homestead land at $20 per acre was about fifty per cent of its value, and that $9 per acre on pasture land was about twenty-five per cent of its value.

It is reasonable to conclude from Saathoff's testimony that this plan or system which he had worked out was tentative only, as numerous instances are shown wherein he deviated substantially from both the 85% increase in the county valuations and the $20 per acre homestead valuation and $9 per acre pasture land valuation. In fact, it appears that none of the parties to this suit who appeared before the board of equalization had their lands assessed in accordance with a formula of $20 per acre for homestead and $9 per acre for pasture land. Perhaps of more importance is the testimony of the members of the board of equalization. All of them stated that they operated under no such arbitrary and fixed standards and had received no instructions relative thereto, either from the Board of Trustees or any other body or persons. The only information they received from the Board was an

estimate of the amount of money required to operate the schools for the ensuing year.

In our opinion the evidence is insufficient to show, as a matter of law, that an arbitrary and illegal plan of valuation was used by the governing officials of the district in making property assessments. There is no testimony that the members of the board of equalization attempted to follow an arbitrary scheme of valuation, even if in some instances the tax assessor may have done so. There is no showing that the Board of Trustees sanctioned, authorized or directed that such plan be followed. It is therefore accordingly ordered that the judgment of the court below be and the same is hereby affirmed. Reynolds v. Crudgington, Tex.Civ.App., 266 S.W.2d 430, and authorities therein cited.

Affirmed.