The CITY OF WACO and Waco Independent School District, Petitioners,

v.

CONLEE SEED COMPANY, Inc., Respondent.

No. B–1304.

Supreme Court of Texas.

July 9, 1969.

Earl Bracken, Jr., City Atty., Don J. Borschach and Albert R. Kuehl, Asst. City Attys., Waco, for petitioners.

Beard & Kultgen, Pat Beard, Waco, for respondent.

POPE, Justice.

City of Waco and Waco Independent School District, hereinafter called Waco, filed suit against Conlee Seed Company, Inc., for the collection of delinquent ad valorem taxes for the year 1963. Conlee's sole defense was that Waco's assessed value of the Conlee seed inventory was grossly excessive. Conlee offered evidence to show its property was grossly overvalued but the trial court excluded all of the evidence, because Conlee had not rendered the property for taxes and had not sought relief before the board of equalization. The trial court rendered judgment for Waco upon the basis of the assessed value. The court of civil appeals reversed the judgment of the trial court and remanded the cause for trial. 434 S.W.2d 214. We affirm the judgment of the court of civil appeals.

Conlee conducted a seed business in Waco from 1958 to 1962. In November 1962, it moved its business and most of its seed inventory outside the taxing jurisdictions of the city and school district but left a small amount of seed at its former business location. Waco, as was its practice, sent forms to Conlee for the rendition of its personal property. Conlee did not return the forms or render the property, so Waco assessed the property at a taxable value of $41,000.00, which was the value at which Conlee had rendered its property in 1962. Waco sent a notice to Conlee of its assessment but Conlee made no protest. The board of equalization approved the value as assessed, and because it did not increase the value, gave no notice to Conlee. Conlee did not appear before the board or protest the board's valuation.

Waco, in assessing the value of the property for tax purposes, placed a market

value on the property of approximately $80,000.00, but took fifty-two percent of that value to arrive at the $41,000.00 assessment. The proof at the trial showed that Waco had no basis for its valuation and assessment except Conlee's earlier rendition for 1962. At the trial Conlee offered evidence to show the market value of the property, which remained at its former business location on January 1, 1963, was between $5,000.00 and $6,000.00. The trial court excluded this evidence. Based upon the evidence which the trial court excluded, the tax value would be some figure between $2,600.00 and $3,120.00. The question for decision is whether Conlee can dispute the $41,000.00 assessed value by proving that the assessed value was some thirteen or fourteen times as much as the correct taxable value, and whether it can do so even though it failed to take any steps to avoid or correct the high valuation.

Article VIII, § 1 of the Constitution of Texas, Vernon's Ann.Const., provides that taxation shall be equal and uniform and all property shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. The Legislature has provided for the means to enforce the uniform taxation required by the Constitution. Articles 7148 and 7161, Vernon's Ann.Tex. Civ.St., provide for the rendition for taxation by the taxpayer, of the value of merchandise and personal property in his hands some time after January 1 of each year. Article 7193 provides that the assessor of taxes shall assess the property for the taxpayer, if he fails to render it. Article 7212 provides for a board of equalization to supervise and equalize the assessment of taxes, and to fix the final valuation. Article 1060a makes the above statutes applicable to municipal corporations and school districts. Thus, to insure the uniformity in taxation the boards of equalization have been established as the final equalizing factor.

It is our opinion that the controlling principles which govern our decision are found in this statement in State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 572–573 (1954).

"It is now well settled that the assessment of property for tax purposes is a quasi-judicial function of boards of equalization and that no attack on valuations fixed by such boards can or will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation. State v. Houser, 138 Tex. 28, 156 S.W.2d 968, 970–971; Druesdow v. Baker, Tex.Com.App., 229 S.W. 493, 495. Moreover, when their official action is attacked it will be presumed that such boards discharged their duties as public agencies according to law and acted in good faith. Zachary v. City of Uvalde, Tex.Com.App., 42 S.W.2d 417; Lubbock Hotel Co. v. Lubbock Ind. School Dist., Tex.Civ.App., 85 S.W.2d 776, no writ; Hinkson v. Lorenzo Ind. School Dist., Tex.Civ.App., 109 S.W.2d 1008, writ dism.

"While it has been held that a grossly excessive valuation may, in law, be sufficient to establish such fraud or illegality as to render a valuation void, Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, writ denied; City of Sweetwater v. Biard Development Co., Tex.Civ.App., 203 S.W. 801, no writ; Simkins v. City of Corsicana, Tex.Civ.App., 86 S.W.2d 792, no writ; Howth v. French Ind. School Dist., Tex.Civ.App., 115 S.W.2d 1036; French Ind. School Dist. v. Howth, 134 Tex. 211, 134 S.W.2d 1036, it is held with equal emphasis that mere errors in judgment or the fact that a trial judge or jury differs with the valuation fixed will not suffice as a basis for avoiding the board's action. Simkins v. City of Corsicana, supra; Druesdow v. Baker, supra; State v. Houser, supra."

A number of cases have been written concerning a contention made by taxpayers that the valuation placed upon property was merely excessive as distinguished from

Conlee's contention that the valuation of its property was grossly excessive. There is a difference in the manner in which the two contentions have been treated, and for that reason, we shall eliminate, at once, a number of cases in which mere irregularity or excessiveness is present. Among the cases which concern mere excessiveness are: State v. Houser, 138 Tex. 28, 156 S.W.2d 968 (1941); State v. Mallett Land & Cattle Co., 126 Tex. 392, 88 S.W.2d 471 (1935); Texas & P. Ry. Co. v. City of El Paso, 126 Tex. 86, 85 S.W.2d 245 (1935); Duck v. Peeler, 74 Tex. 268, 11 S.W. 1111 (1889); International & G. N. R. R. Co. v. Smith County, 54 Tex. 1, 15–16 (1880); Bohmfalk v. Yancey Rural High School Dist. No. 16 et al., 269 S.W.2d 465 (Tex. Civ.App.1954, wr. ref.); Rowland v. City of Tyler, 5 S.W.2d 756, 760 (Com.App.1928); Druesdow v. Baker, 229 S.W.2d 493, 495 (Com.App.1921); Garvey Elevators v. Eagle Mountain-Saginaw I.S.D., 423 S.W. 2d 455 (Tex.Civ.App.1968, no writ); Stone v. City of Dallas, 244 S.W.2d 937 (Tex. Civ.App.1952, writ ref.); Mississippi Valley Life Ins. Co. v. City of El Paso, 131 S.W.2d 191 (Tex.Civ.App.1939, no writ); Hinkson v. Lorenzo Independent School Dist., 109 S.W.2d 1008 (Tex.Civ.App.1937, writ dism.); Menardville Independent School Dist. v. Moser, 90 S.W.2d 578 (Tex. Civ.App.1936, no writ); Stevens v. City of El Paso, 81 S.W.2d 149 (Tex.Civ.App.1935, writ ref.); Early v. City of Waco, 3 S.W.2d 131 (Tex.Civ.App.1928, no writ); City of Longview v. Citizens' National Bank, 294 S.W. 313 (Tex.Civ.App.1927, writ ref.); Allen v. Emery I.S.D., 283 S.W. 674 (Tex. Civ.App.1926, no writ); Clawson Lumber Co. v. Jones, 20 Tex.Civ.App. 208, 49 S.W. 909 (Tex.Civ.App.1899). See 51 Am.Jur., Taxation, § 770.

 Proof of grossly excessive valuation of a taxpayer's property has generally been treated differently so that the decision of the board of equalization may be collaterally attacked. This distinction between excessive and grossly excessive valuations was recognized in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955), in which this court gave instructions concerning a retrial, in these words:

"If the answers of the jury show that the assessed valuation of petitioners' properties is grossly excessive, or if the answers to the other issues satisfy the court that petitioners have suffered substantial injury by reason of the other actions of the taxing authorities complained of, the assessments of petitioners' properties for the years 1950, 1951 and 1952 should be cancelled without prejudice to the right of taxing authorities to accept petitioners' taxes on the basis of the valuations at which petitioners rendered their properties or to proceed under the provisions of Article 7346, V.A.C.S. If an issue on excessive valuation of petitioners' properties—as distinguished from an unequal valuation thereof—is submitted, cancellation of the assessments should not follow unless the finding shows the assessed valuations to be grossly excessive, Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, writ denied; State v. Houser, 138 Tex. 28, 156 S.W.2d 968, as distinguished from a mere difference in opinion or error in judgment, State v. Houser, supra; Simkins v. City of Corsicana, Tex.Civ.App., 86 S.W.2d 792, no writ history. If other findings show only some measure of insubstantial discrimination, the assessments should not be cancelled."

We said in French Independent School Dist., etc. v. Howth, 134 Tex. 211, 134 S. W.2d 1036 (1940), that a tract which was taxed on a valuation of $5,250.00, but was worth less than $500.00 would "render the assessments confiscatory and void * * *." In Ogburn v. Ward County Irr. Dist. No. 1, 280 S.W. 169 (Com.App.1926), the taxpayer resisted a suit brought to collect taxes assessed against his farm lands. The defense was that the water district and the board of equalization had arbitrarily, grossly and fraudulently overvalued his lands at $67.00 an acre when the proof was that the land was worth only $7.50 an acre. The court held the assessments void be-

cause the board's valuations were fixed without reference to the value of improvements. The court said the board "arbitrarily and grossly overvalued his property and discriminated against him." In Simkins v. City of Corsicana, 86 S.W.2d 792 (Tex. Civ.App.1935, no writ) the court held that a wrong principle had been used in fixing values but also held that "the valuation as fixed by the board was grossly excessive."

State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 572, 573 (1954) stated in the quotation in the earlier part of this opinion, that collateral attacks upon the quasi-judicial judgments of boards of equalization are permitted in certain stated instances. Such attacks have been permitted upon proof of grossly excessive valuations which may be sufficient to establish fraud or illegality. The cases cited in support of that stated principle are French Ind. School Dist. v. Howth, 134 Tex. 211, 134 S.W.2d 1036 (1940); Simkins v. City of Corsicana, supra; City of Sweetwater v. Biard Development Co., 203 S.W. 801 (Tex.Civ.App.1918, no writ); and Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71 (1897, no writ). To those citations may be added these cases: Pierce v. City of Jacksonville, 403 S.W.2d 512 (Tex.Civ. App.1966, no writ); City of Fort Worth v. Fort Worth Radiator Manufacturing Co., 278 S.W.2d 184 (Tex.Civ.App.1955, writ ref. n.r.e.); Matthews v. City of Fort Worth, 283 S.W.2d 957 (Tex.Civ.App.1955, writ dism.); Lubbock Hotel Co. v. Lubbock Ind. School Dist., 85 S.W.2d 776 (Tex.Civ.App. 1935, writ ref.); accord, Dallas County v. Dallas National Bank, 142 Tex. 439, 179 S.W.2d 288 (1944). See also, 51 Am.Jur., Taxation, § 771; 84 C.J.S. Taxation, § 562.

Waco argues that Conlee's failure to protest the valuation before the board of equalization defeated Conlee's right to complain or offer evidence that there was a grossly excessive valuation and relies upon the many precedents which have determined that the valuations were merely excessive. The cited cases, however, have permitted evidence of grossly excessive valuation in proof of confiscation, fraud, illegality, arbitrary action; or, to prove, as stated in Pierce v. City of Jacksonville, supra, that the assessed value is "so far above the fair cash market value as to shock a correct mind and thereby raise a presumption that the valuation was fraudulent or does not represent a fair and conscientious effort on the part of the Board to arrive at the fair cash market value."

Some of the cases which have dealt with a taxpayer's complaint that the valuation was grossly excessive present situations in which the taxpayer protested to the board of equalization. Dallas County v. Dallas National Bank, 142 Tex. 439, 179 S.W.2d 288 (1944); Simkins v. City of Corsicana, supra; Johnson v. Holland, supra. In other instances the extent to which the taxpayer availed himself of his remedies before the board is not discussed. Matthews v. City of Fort Worth, supra; City of Sweetwater v. Biard Development Co., supra.

On two occasions, this court has been confronted with the precise contention here urged by Waco, that the taxpayer's right to challenge the board's valuations is lost unless he can prove he first protested to the board of equalization. On each occasion, the contention was rejected when the taxpayer's complaint was that of grossly excessive valuation as distinguished from merely excessive valuations. In French Independent School Dist. v. Howth, supra, the taxpayer did not render his taxes for some of the years in dispute and he did not appear before the board of equalization to protest, though he received notice of an increase in valuation. In fact, one year the taxpayer paid taxes based upon the questioned valuation. This court held that the taxpayer was not barred from attacking the board's grossly excessive valuation, since the trial court made a finding that the valuation was so excessive as to be "confiscatory and void." In Ogburn v. Ward County Irr. Dist. No. 1, supra, notwithstanding the taxpayer's failure to render his property or protest to the board of

equalization, in a holding which this court approved, the court said that the taxing authority could not recover the taxes sued for because it had "arbitrarily and grossly overvalued his property and discriminated against him."

We conclude, therefore, that the trial court was in error in excluding evidence which Conlee offered in proof of its contention that the valuation on its seed inventory was grossly excessive, and that the court of civil appeals was correct in its decision. We affirm the judgment of the court of civil appeals.