**HOUSTON LIGHTING & POWER COMPANY, Appellant,**

v.

**DICKINSON INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 9759.

Court of Appeals of Texas, Texarkana.

May 8, 1990.

Opinion Modified, Rehearing Overruled June 26, 1990.

Second Motion for Rehearing Overruled July 31, 1990.

Edward Kliewer, III, William T. Armstrong, III, Foster, Lewis, Langley, Gardner & Banack, San Antonio, James P. Simpson, Texas City, Frank G. Harmon, Houston, for appellant.

Benjamin Powel, Galveston, R. Douglas Muir, William C. Bednar, Jr., Austin, Roland L. Bassett, Galveston, for appellees.

BLEIL, Justice.

This case concerns the correctness of tax assessments of property value. The appeal is taken from a judgment in four consolidated lawsuits in which Houston Lighting & Power Company complained that the assessed value of its property was excessive and sought relief against the Dickinson Independent School District, the Galveston County Appraisal District, and the Galveston County Appraisal Review Board. After a jury trial to determine the fair market value of HL & P's property, the trial court entered judgment against HL & P for the 1981 tax year and in favor of HL & P for the 1982, 1983 and 1984 tax years.

Each side has filed an appeal. HL & P appeals the judgment rendered on the 1981 tax year, contending that it should be entered in accordance with the jury finding because the taxing units' assessment of HL & P's property was grossly excessive. The taxing units appeal the judgment rendered on the 1982, 1983 and 1984 tax years, contending that HL & P did not prove the market value of its property. We reverse the judgment to the extent that it covers the 1981 tax year, and we affirm the judgment as it pertains to the 1982–1984 tax years.

Before the adoption of the Texas Tax Code, to successfully complain of an assessed value, a property owner was required to show that the assessed value was grossly in excess of the fair market value of the property. Under the Code, a property owner need only show that the assessment exceeds the fair market value. This distinction explains why different rules govern the 1981 assessment than govern the 1982, 1983 and 1984 assessments.

### The 1981 Tax Year

HL & P sought to set aside the taxing units' assessment for the 1981 tax year on the ground that it was grossly in excess of the property's fair market value. The 1981 assessment of HL & P's property included the P.H. Robinson Electric Generating Plant and appurtenant equipment and supplies. The taxing units assessed the value of the property at $270,000,000.00. The jury found that its fair market value was $147,363,600.00.[1] The trial court entered a take-nothing judgment against HL & P, concluding that the taxing entities' valuation of the property was not grossly excessive.

While fair market value is a question of fact, whether a tax assessment is grossly excessive is a question of law. *Polk County v. Tenneco, Inc.*, 554 S.W.2d 918, 920 (Tex.1977). For the 1981 tax year, the mere excessiveness of the assessed value is an insufficient reason to set aside a tax appraisal board's valuation. *See City of Waco v. Conlee Seed Company*, 449 S.W.2d 29, 30 (Tex.1969). Thus, only if the taxing units' 1981 assessment is grossly excessive, is HL & P entitled to have the assessment set aside. The standard for determining gross excessiveness can be stated as follows: the value assessed must be so far above the fair market value as to

---

1. A summary of the 1981 evidence and findings is as follows:

| Taxing Units' Appraisal | Taxing Units' Test. of M/V | HLP Expert #1 Test. of M/V | HLP Expert #2 Test. of M/V | Jury Findings as to M/V |
|---|---|---|---|---|
| $270,000,000 | $325,600,000 | $147,363,600 | $119,000,000 | $147,363,600 |

shock the mind, thus raising the presumption that the valuation was either fraudulent or does not represent a fair and conscientious effort on the part of the board to arrive at a fair market value. *Westwood Independent School District v. Southern Clay,* 604 S.W.2d 511, 515 (Tex.Civ.App.-Tyler 1980, writ ref'd n.r.e.); *Pierce v. City of Jacksonville,* 403 S.W.2d 512, 517 (Tex. Civ.App.—Tyler 1966, writ ref'd n.r.e.).

■ The taxing units' assessment of $270,000,000.00 of HL & P's property is $122,636,400.00, or 83%, above the fair market value of $147,363,600.00 found by the jury. The critical question for the 1981 tax year is whether this assessment is grossly excessive. *Davis v. City of Austin,* 632 S.W.2d 331 (Tex.1982), relied on by the taxing units, indicates that before an assessment can be considered grossly excessive, the assessment must be a multiple of the property's market value. In that case, the issue was whether an assessment of $177,507.00 for property that had a fair market value of $155,000.00 was grossly excessive. The court concluded that the assessment was excessive, but said that grossly excessive assessments usually have been found only when the assessed value has been some multiple of the property's market value. *Davis v. City of Austin,* 632 S.W.2d at 335, *citing City of Waco v. Conlee Seed Company,* 449 S.W.2d 29 (assessed value was thirteen times the fair market value); *Dallas County v. Dallas Nat. Bank,* 142 Tex. 439, 179 S.W.2d 288 (1944) (five times); *French Independent School Dist. v. Howth,* 134 Tex. 211, 134 S.W.2d 1036 (1940) (ten times); *Ogburn v. Ward County Irr. Dist. No. 1,* 280 S.W. 169 (Tex.Comm'n App.1926, holding approved) (nine times). However, these cases do not *require* that an assessment be a multiple of fair market value to be grossly excessive, and there are cases to the contrary. *See, e.g., Corrigan Properties, Inc. v. City of West University Place,* 430 S.W.2d 917 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ) (fair market values of properties which ranged from 65.8% to 69.4% above assessments were grossly excessive); *Simkins v. City of Corsicana,* 86 S.W.2d 792 (Tex.Civ.App.—Waco 1935, no writ) (fair market value which was 68.7% above assessment was grossly excessive); *City of Sweetwater v. Biard Development Co.,* 203 S.W. 801 (Tex.Civ.App.—El Paso 1918, no writ) (fair market value which was 75% above assessment was grossly excessive). The taxing units' assessment of $270,000,000.00 for property which has a fair market value of $147,363,600.00, makes an approximate $123,000,000.00 difference. This is too great a difference for us to decide that the assessment was not grossly excessive. We conclude that the 1981 assessment was grossly excessive.

■ The taxing units reply that HL & P is not entitled to relief because it voluntarily tendered its 1981 taxes. Under the voluntary payment rule, one who voluntarily pays for an illegal tax has no valid claim for its repayment, except in cases of fraud, implied or express duress, or mutual mistake. *State v. Connecticut General Life Insurance Co.,* 382 S.W.2d 745, 746–47 (Tex.1964). Further, a taxpayer is required to tender the amount of taxes owed under its own theory of valuation. *State v. Hoffman,* 109 Tex. 133, 201 S.W. 653 (1918); *Harding Bros. Oil & Gas Co. v. Jim Ned Independent School District,* 457 S.W.2d 102 (Tex.Civ.App.–Eastland 1970, no writ). However, the parties entered into three stipulations during the pendency of this lawsuit. The stipulations allowed HL & P to unconditionally tender the amount of taxes which it admitted was due for the 1981 tax year. The stipulations also allowed HL & P to deposit more than it asserted was due; this was to include all taxes possibly due, together with interest, penalties, and attorney's fees. The stipulations provide that the deposits were made without prejudice to the assertion of any right or contention of either party, and further provide that in the event of a judgment reflecting a tax liability less than the sum deposited, HL & P is entitled to a reimbursement of the difference. The stipulations show an intent to allow HL & P to

pursue its legal remedies against the taxing units. Therefore, the voluntary payment rule does not bar HL & P from pursuing its legal remedies through these proceedings.

The taxing units also reply that HL & P is barred by issue preclusion from relitigating the market value of its property using the unit valuation method. The parties were involved in a previous lawsuit contesting HL & P's 1980 property taxes. *Houston Lighting & Power Co. v. Dickinson Independent School District,* 641 S.W.2d 302 (Tex.App.–Houston [14th Dist.] 1982, writ ref'd n.r.e.). In that case, HL & P attempted to prove its property value using the unit valuation method, while the taxing units used the cost and income approach. The unit valuation method values the entire property of HL & P over several taxing districts using three techniques: the cost approach, the income approach, and the market approach. The unit value is then apportioned and allocated among the taxing districts. *See American Institution of Real Estate Appraisers, Real Estate Appraisal Terminology* 212–13 (1975). The court of appeals affirmed the trial court's decision that HL & P did not satisfy its burden of proof.

■■■ The taxing units now contend that the 1980 litigation determined that the unit valuation method was *no evidence of* market value. Issue preclusion bars relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985). To invoke the doctrine, a party must establish that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) these facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Mendez v. Haynes Brinkley & Co.,* 705 S.W.2d 242, 245 (Tex.App.–San Antonio 1986, writ ref'd n.r.e.).

■■■ In order for HL & P to be barred by issue preclusion from utilizing the unit valuation approach, the approach must have been litigated in the prior lawsuit and

determined to be an invalid approach. The focus of the 1980 appeal was on whether HL & P had sustained its burden and proved that the taxing units' appraisal was grossly excessive. HL & P argued that the unit valuation approach was the only valuation method which could be used to value its property. *Houston Lighting & Power Co. v. Dickinson Independent School District,* 641 S.W.2d at 309–10. The court disagreed with HL & P, stating that attacks on methodology and/or figures underlying expert testimony go to the weight rather than the admissibility of the testimony. *Id.,* at 310. While HL & P's evidence may have been insufficient to obtain relief, the court did not hold that the unit approach was an invalid method of determining the market value of HL & P's property. Therefore, the doctrine of issue preclusion does not bar HL & P from using the unit valuation method to prove the value of its property.

The taxing units also argue that the unit valuation approach is unconstitutional under Tex.Const. art. VIII, § 11 and Tex. Const. art. VIII, § 23 (adopted 1978). Section 11 provides in part that all property shall be assessed and the "taxes paid in the county where situated." Section 23 provides that there shall be no statewide appraisal of real property for ad valorem tax purposes. The taxing units assert that the unit valuation approach results in the evaluation of property outside their boundaries. Although the unit approach considers the value of all of HL & P's property in different counties, the actual appraisal of the property, although based upon the unit value approach, only covers HL & P's property within the taxing units' jurisdiction. Further, Section 23 means that there can be no uniform appraisal of property statewide by taxing authorities; that is, property cannot be placed at similar values on a statewide basis. This is not to say that a landowner is precluded from estimating the worth of property by any particular method. The unit valuation approach has been recognized as a valid technique for appraisal. *See Missouri–Kansas–Texas Railroad Co. v. City of Dallas,* 623 S.W.2d 296 (Tex.

1981) (railroad operating property can be valued by unit approach); and *Polk County v. Tenneco, Inc.*, 554 S.W.2d 918 (gas transmission lines valued by unit approach). We conclude that there is no prohibition, constitutional or otherwise, against HL & P's real estate experts' use of the unit valuation as a method to arrive at opinions on fair market value of HL & P's property.

The taxing units further maintain that HL & P's evidence of fair market value arrived at by using unit valuation is not legally or factually sufficient evidence of fair market value. Fair market value is the price which the property would bring when it is offered for sale by one who desires, but is not obliged, to sell and is bought by one who is under no necessity of buying it. *Polk County v. Tenneco, Inc.*, 554 S.W.2d at 921; Tex.Rev.Civ.Stat.Ann. art. 7174, *repealed by* ch. 841, § 6(a)(1), 1979 Tex.Gen.Laws 2329 (effective January 1, 1982). At trial, numerous witnesses testified about market value and each explained the techniques they used in valuing the property. HL & P's witnesses testified that its generating plant was a segment of all its facilities and that all plants ran together to produce electricity throughout all of HL & P's servicing area. Attacks on methodology or figures underlying expert testimony go only to the weight to be given to an expert's opinion. *Polk County v. Tenneco, Inc.*, 554 S.W.2d at 924. It is within the province of the jury to determine the weight to be given testimony. *Texas Elec. Service Co. v. Wheeler*, 551 S.W.2d 341, 342 (Tex.1977); *Banquete Independent School District v. Tenneco, Inc.*, 618 S.W.2d 824, 828 (Tex.Civ.App.–Houston [1st Dist.] 1981, writ ref'd n.r.e.). We conclude that HL & P has presented legally and factually sufficient evidence to prove market value.

### 1982–1984 Tax Years

The 1982 through 1984 tax years concern different property than that valued for 1981. Further, the issues relating to those years must be analyzed in accordance with changes in the law. For the years 1982, 1983 and 1984, HL & P is merely required to prove that the assessed value of the property exceeds the property's market value. Tex.Tax Code Ann. § 42.25 (Vernon 1982).[2] The jury determined the fair market value for these years, and the trial court entered judgment in accordance with the findings.[3]

The taxing units appeal the trial court's judgment for these tax years, contending that: (1) HL & P is barred by issue preclusion from using the unit approach; (2) the unit valuation approach is unconstitutional; (3) HL & P's evidence was no evidence or insufficient evidence of market value; and (4) HL & P did not prove the market value of all of its property. For the reasons previously given in discussing questions relating to the 1981 tax year, we overrule the first three of these contentions.

The taxing units' argument that HL & P did not prove the market value of all of the property involved centers on HL & P's experts' failure to include the value of a transmitter substation. Mr. C.K. Reed, the manager of property taxes for HL & P, testified that the generating units, the turbine unit, the cooling towers, the fuel oil storage facility, and the electrical substation make up what is commonly re-

**2.** Tex.Tax Code Ann. § 42.25 (Vernon 1982), which is applicable to 1982, 1983 and 1984, provides that, "If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court."

**3.** A summary of the 1982–1984 evidence and findings is as follows (in order by year):

| Taxing Units' Appraisal | Taxing Units' Test. of M/V | HLP Expert #1 Test. of M/V | HLP Expert #2 Test. of M/V | Jury Findings as to M/V |
|---|---|---|---|---|
| $275,725,400 | $315,000,000 | $128,665,000 | $106,000,000 | $128,665,000 |
| $267,095,940 | $315,000,000 | $159,474,000 | $127,000,000 | $159,474,000 |
| $306,052,000 | $315,000,000 | $162,393,000 | $136,000,000 | $162,393,000 |

ferred to as "the plant." The jury was free to consider all of the evidence in reaching its decision. The taxing units' expert witnesses in their appraisal reports expressly gave their opinion of the value of the transmission substation. The jury may have included the substation's value in its findings, and we cannot intrude upon its thought process in determining the fair market value of the plant. There is sufficient evidence of the value of all of HL & P's property to support the jury's finding of the fair market value of the entire property.

We reverse the trial court's judgment to the extent that it covers the 1981 tax year and render judgment that the 1981 assessment was grossly excessive and that $147,363,600.00 shall be the assessed value. In all other respects, we affirm the judgment.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION ON MOTION FOR REHEARING

BLEIL, Justice.

On motion for rehearing, the taxing units complain that we erred by rendering judgment assessing the 1981 value of HL & P's property at $147,363,600.00, when our only authority is to set aside the assessment. Further, they contend that we erred by taxing costs against them. We agree that we so erred and reform our judgment accordingly.

The 1981 property assessment is not governed by the Texas Tax Code. Before 1982, the judicial relief available for an invalid property assessment was cancellation of the assessment without prejudice to the right of the taxing units to reassess the property properly. *Whelan v. State,* 155 Tex. 14, 282 S.W.2d 378, 385 (1955); *Atlantic Richfield Co. v. Warren Independent School District,* 453 S.W.2d 190, 200 (Tex. Civ.App.—Beaumont 1970, writ ref'd n.r. e.); *Seguin Independent School District v. Blumberg,* 402 S.W.2d 552, 557–58 (Tex. Civ.App.—San Antonio 1966, writ ref'd n.r. e.); TEX.REV.CIV.STAT.ANN. art. 7346, *repealed by* ch. 841, § 6(a)(1), 1979 Tex.Gen.

Laws 2329. We have no authority to act other than to set aside the assessment for the 1981 tax year.

We also erred in taxing costs against the taxing units. The taxing units are exempt from paying costs on appeal even though HL & P is the prevailing party. *El Campo Independent School District v. Kimmey,* 571 S.W.2d 865, 866 (Tex. 1978); *Nacogdoches Independent School District v. McKinney,* 513 S.W.2d 5 (Tex. 1974).

To this extent, we grant the taxing units' motion for rehearing. We modify our decision to set aside the 1981 assessment without prejudice to the taxing units to properly reassess HL & P's property for 1981. The costs are taxed against HL & P. In all other respects, the motion for rehearing is overruled.