**Charles ACKER and June Acker, Appellants,**

v.

**CITY OF HUNTSVILLE, Appellee.**

**No. A14–88–616–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 1990.

Rehearing Denied April 5, 1990.

J. Bruce Bennett, Austin, Joe H. Reynolds, Kay K. Daniel Pierce, Houston, for appellant.

Scott Bounds, Huntsville, Diana Marshall, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This case arises from a summary judgment holding that the manufactured home community owned by appellants [the Ackers] was a subdivision subject to regulation by the City of Huntsville [the City] under Texas Local Gov't Code Ann. Ch. 212 (Vernon 1988). Finding the judgment of the trial court was precluded by an earlier federal court decision, we reverse that decision and render judgment in favor of the Ackers.

On August 26, 1986, the Ackers filed suit in the United States District Court for the Southern District of Texas. The various

claims asserted by the Ackers against the City hinged on whether the City had legal authority to regulate the Acker's manufactured home rental community. The community would be subject to City ordinances if construed to be a subdivision under Chapter 212 of the Local Government Code. The Ackers also requested a partial summary judgment ruling that the manufactured home community was not a subdivision and, thus, not subject the City's authority.

In November of 1986, while the federal action was pending, the City filed a suit in the state district court of Walker County seeking a declaratory judgment that the Ackers' manufactured home community was a subdivision and subject to city regulations. The Ackers asked the state court to abate any action until the federal court had ruled on the issue in their earlier filed action. Although the City argues the federal court should have allowed the state court to rule on this issue of state law, the record does not reflect they ever made such a request to the federal court. On January 27, 1987, the Walker County district court granted the Ackers' plea in abatement, agreeing to postpone any action for five months or until the federal court[1] decided the subdivision issue.

The federal court rendered a partial summary judgment in favor of the Ackers on April 2, 1987. Based on the federal court's holding that the manufactured home community was not a subdivision under the applicable Texas law, the Ackers filed a motion for summary judgment in the Walker County action. The City responded with a motion for summary judgment asking the state court to determine the issue itself and render summary judgment for the City. The state court overruled the Ackers' mo-

tion and entered a final summary judgment in favor of the City.

The question before us on appeal is whether the state court was precluded from entering such a judgment by the earlier federal court holding. The question involves the doctrine of issue preclusion, often referred to as collateral estoppel. Issue preclusion is more narrow than res judicata, which bars litigation of *claims* connected with a cause of action or defense which, with the use of diligence, might have been tried in a prior suit. *Russell v. Moeling*, 526 S.W.2d 533, 536 (Tex.1975); RESTATEMENT (SECOND) OF JUDGMENTS §§ 18–19 (1980). Issue preclusion bars only the relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985); RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1980).

Citing section 87 of the Restatement (Second) of Judgments, the Texas Supreme Court has determined that, where the earlier judgment was rendered in a federal court, we must follow the federal law concerning claim and issue preclusion. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (1985). Although the Fifth Circuit has rejected the Restatement principles and allowed issue preclusion in only much narrower circumstances, other federal courts, like Texas courts, follow the Restatement.[2]

The primary conflict among the federal court decisions involves the question of what constitutes a final judgment for issue preclusion to apply. The United States Supreme Court has not expressly addressed that question. Decisions of the lower federal courts which have not been passed on by the Supreme Court, while persuasive, are not binding on the state courts; where the federal courts are in conflict, the state

---

1. A third action between the same parties was also pending in a Travis County district court. The Walker County district court abated action until either the federal or Travis County court resolved the issue.

2. *Compare Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265 (1986) (rejects Restatement principles but acknowledges other authorities disagree) *with American Postal Workers*

*Union v. United States Postal Service*, 736 F.2d 317 (6th Cir.1984) (follows the Restatement, specifically citing § 13 comments e and g on finality) *and Lummus Company v. Commonwealth Oil*, 297 F.2d 80, 89 (2nd Cir.1961) (follows the Restatement and applies lesser degree of finality for purposes of issue preclusion) *and Sherman v. Jacobson*, 247 F.Supp. 261 (S.D.N.Y.1965) (follows the Restatement).

courts are free to decide the question themselves. *Summertree Venture v. Federal Savings and Loan Insurance Corp.,* 742 S.W.2d 446, 450 (Tex.App.—Houston [14th Dist.] 1987, writ denied).

The United States Supreme Court consistently follows the Restatement principles of issue preclusion and has implicitly accepted the Restatement's analysis of finality in that context[3]. Since this is consistent with Texas law, we will follow the Restatement analysis.

In *Bonniwell v. Beech Aircraft Corp.* 663 S.W.2d 816, 818 (Tex.1984), the Texas Supreme Court identified three elements necessary to establish issue preclusion: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. 663 S.W.2d at 818. The Ackers have established those elements.

Both parties were permitted by the federal court to fully and fairly litigate the issue of whether the Ackers' manufactured home community was a subdivision under the Texas statutes. The issue was specifically raised by the pleadings and briefed by the parties. The procedures followed by the federal court were comparable in quality and extensiveness to those available in the state court. Certainly that court was fully competent to render a determination on the issue. The City did not ask the federal court to abate its proceedings to permit the state court to rule on the issue, and the state court voluntarily delayed any action to await the federal court's decision. Having thus chosen to speculate on the decision of the federal court and having had the opportunity to fully and fairly litigate the issue in that forum, we see no reason the City should have been permitted an opportunity to relitigate the issue.

It is not necessary to the application of the rule of preclusion that the issue be one of "ultimate fact" in either the first or the second action. RESTATEMENT (SECOND) OF JUDGMENTS § 28 comment i (1980). The appropriate question is whether the issue was actually recognized by the parties as important and by the trier of fact in the first action as necessary to the first judgment. RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment j (1980). If so, and the other two elements for issue preclusion are established, the determination is conclusive between the parties.

The Acker's raised numerous claims in the federal action, including conspiracy, unjust taking, tortious interference with their business and violation of 42 U.S.C. § 1983 (1981). The factual assertions underlying these claims revolved around the issue of whether the City's attempts to subject the Ackers to regulations were within the legal scope of its authority. Both parties acknowledged the basis for the City's legitimate exercise of authority was dependent on the Ackers' property being considered a subdivision under the statute. It was on that basis the Ackers sought the partial summary judgment in the federal court. The record before us establishes the subdivision issue was essential to the first judgment.

The only remaining element identified in *Bonniwell* is that the parties were cast as adversaries in the first action. On that point there is no real dispute. The record very clearly reflects they were adversaries in the federal proceedings.

The City contends that even if the issue was pivotal, and the parties fully and fairly litigated it in the earlier action, the partial summary judgment rendered by the federal court was not sufficiently final to merit preclusive effect in the state action.[4] We do not agree.

---

3. *State of Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979); *See also United States v. Mendoza,* 464 U.S. 154, 158–159, 104 S.Ct. 568, 571–572, 78 L.Ed.2d 379 (1984); *Allen v. McCurry,* 449 U.S. 90, 94–96, 101 S.Ct. 411, 414–416, 66 L.Ed.2d 308 (1980).

4. We note that on December 4, 1989, United States District Judge Melinda Harmon rendered summary judgment for appellants on all of appellee's claims except one substantive due process claim. In denying summary judgment on that claim, Judge Harmon cited Judge Hughes' previous partial summary judgment ruling that a mobile home park is not a subdivision under

There is a difference in the degree of finality required of the prior judgment to create a conclusive effect in subsequent litigation for the purpose of claim preclusion and issue preclusion. Like the United States Supreme Court, the Texas Supreme Court has not specifically addressed the question of the degree of finality necessary for the application of issue preclusion, but follows the RESTATEMENT (SECOND) OF JUDGMENTS §§ 13-33 (1980). *See Van Dyke* 697 S.W.2d at 384 (finality of previous decision not reached, but Restatement principles concerning doctrine of issue preclusion applied); *Bonniwell v. Beech Aircraft Corp.* 663 S.W.2d 816, 818 (Tex.1984) (Restatement principles applied).

Res judicata applies only when a final judgment is entered. "However, for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." RESTATEMENT (SECOND) OF JUDGMENTS § 13.

The requirement of finality of judgment is interpreted very strictly where bar or merger are involved, since the effect is to extinguish a claim. The Restatement applies a less stringent standard for the purpose of issue preclusion. A litigation may have reached a stage at which issue preclusion is appropriate even though claim preclusion is not. RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment k (1980).

Usually there is no occasion to interpret finality less strictly when the question is one of issue preclusion.... But to hold invariably that [issue preclusion] is not to be permitted until a final judgment in the strict sense has been reached in the first action can involve hardship—either needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of the decision of the issue in the second action for a possibly lengthy period of time until the first action has gone to a

complete finish. In particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment.

RESTATEMENT (SECOND) OF JUDGMENTS § 13 comment g.

Contrary to appellee's assertion, the Restatement does not require that the decision in question was subject to appeal for issue preclusion to apply. The Restatement commentary specifically envisions application of issue preclusion to decisions that are interlocutory and not appealable. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 13 comment g, illustration 2. Whether the decision was subject to appellate review is but one factor to consider. The seminal test for finality sufficient to justify issue preclusion is whether the decision in the prior case is procedurally definite—was it adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered. RESTATEMENT (SECOND) OF JUDGMENTS § 13 comment g. The judgment rendered by the federal court was adequately deliberated and sufficiently firm to have conclusive effect in the second action.

Accordingly, we reverse the judgment of the court below and render judgment for the Ackers.

Texas law. Had Judge Hughes ruled to the contrary on that question any remaining issues would have been irrelevant and summary judg-

ment would have been granted on that point as well.