OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 24, 1999

The Honorable Carole Keeton Rylander
Comptroller of Public Accounts
Office of the Comptroller
LBJ State Office Building
Austin, Texas 78774

Opinion No. JC-0002

Re: Comptroller's adjustment of property tax findings for a school district pursuant to section 42.257 of the Education Code (RQ-1194)

Dear Ms. Rylander:

Your predecessor in office[1] requested an opinion on how your office should adjust taxable property values for property in the Dickinson Independent School District ("the Dickinson ISD") pursuant to section 42.257 of the Education Code. In the event that the final determination of an appeal of tax liability results in the reduction of the taxable property value for a school district, section 42.257 of the Education Code requires the Comptroller to adjust taxable property values reported to the Commissioner of Education for purposes of allocating the Foundation School Fund to school districts. Because the final determination of an appeal of tax liability for the Dickinson ISD did not result in the reduction of its taxable property values, section 42.257 of the Education Code does not apply, and the Comptroller has no duty to adjust taxable property values for that school district.

As State Comptroller of Public Accounts, you have many responsibilities relating to local property taxation that were formerly assigned to the State Property Tax Board ("the SPTB"). *See* TEX. GOV'T CODE ANN. ch. 403, subch. M (Vernon 1998) (study of school district property values); TEX. TAX CODE ANN. ch. 5 (Vernon 1992 & Supp. 1999) (state property tax administration). That agency was abolished in 1991 and its authority was transferred to your office.[2] Although the SPTB no longer exists, this opinion will refer to actions it took and authority it exercised before 1991.

---

[1]The request letter was signed by the Deputy Comptroller. Letter from Dovie Ellis, Deputy Comptroller, to Dan Morales, Attorney General (Sept. 11, 1998) (on file with Opinion Committee).

[2]Act of May 24, 1991, 72d Leg., R.S., ch. 843, 1991 Tex. Gen. Laws 2905; Act of Aug. 25, 1991, 72d Leg., 2d C.S., ch. 6, 1991 Tex. Gen. Laws 26.

Your predecessor in office asked about the Comptroller's duty to adjust the value of taxable school district property pursuant to section 42.257 of the Education Code. This provision states as follows:

> (a) If the final determination of an appeal under Chapter 42, Tax Code,[3] results in a reduction in the taxable value of property that exceeds five percent of the total taxable value of property in the school district for the same tax year determined under Subchapter M, Chapter 403, Government Code, the commissioner [of education] shall request the comptroller to adjust its taxable property value findings for that year consistent with the final determination of the appraisal appeal.

> (b) If the district would have received a greater amount from the foundation school fund for the applicable school year using the adjusted value, the commissioner shall add the difference to subsequent distributions to the district from the foundation school fund. An adjustment does not affect the local fund assignment of any other district.

The purpose of subchapter M of chapter 403, Government Code, is to promote "equity among taxpayers in the burden of school district taxes and among school districts in the payment of state financial aid to schools," in part "by providing for uniformity in the tax appraisal and assessment practices and procedures of school district tax offices." TEX. GOV'T CODE ANN. § 403.301 (Vernon 1998).[4] The Comptroller is required to conduct an annual study to determine the total taxable value of all property in each school district. *Id.* § 403.302. The determinations of total taxable property values are based on the appraisal districts' appraised values and the Comptroller's estimate of market value. The Comptroller calculates the ratio of local appraised value to market value of representative properties, and divides the local appraised values by the ratio to determine the total taxable value of property in the school district. *Id.* § 403.302(b); 34 TEX. ADMIN. CODE § 9.101(j) (1998) (Conduct of the Property Value Study). These determinations of total taxable value are reported to the Commissioner of Education and used to calculate each school district's share of the foundation school program. TEX. EDUC. CODE ANN. §§ 42.252, .253(a)(4) (Vernon 1996 & Supp. 1999). The taxable value estimates prepared by the Comptroller and formerly prepared by

---

[3]Chapter 42 of the Tax Code provides for judicial review of appraisal review board orders determining taxpayer protests. TEX. TAX CODE ANN. § 42.01(1) (Vernon Supp. 1999).

[4]The SPTB carried out property value studies under former section 11.86, Education Code (Vernon 1969-1995), the predecessor statute to subchapter M of Government Code, chapter 403. Consistent with chapter 41 of the Education Code, providing for "equalized wealth level" for school districts, section 403.302(a) requires the Comptroller to "make appropriate adjustments in the study to account for actions taken under Chapter 41." Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 26, 1995 Tex. Gen. Laws 2207, 2482.

the SPTB "provide state government with a uniform standard to use in distributing education aid."[5] "Using the values on school district tax rolls would result in inequities since values in some districts are closer to market value than in others."[6]

Your office requested advice because of the resolution of a lawsuit brought by Houston Lighting & Power Co. to contest the valuation of a power plant located in the Dickinson ISD. In this suit, styled *Houston Lighting & Power Co. v. Dickinson Indep. Sch. Dist.*, No. 92-CV-0127 (122d Judicial Dist. Ct., Galveston County, Tex. Dec. 1, 1994), the plaintiff contested the appraisal district's valuations of the power plant for 1981 through 1989.[7] According to information you provide, the court rendered a final judgment in 1994 setting the value of the power plant at $215 million for most of the years in question. The appraisal district had appraised the power plant at significantly more than $215 million for each year in question, and the Dickinson ISD had collected property taxes from Houston Lighting & Power Co. on the appraised value.[8] It has now arranged to pay approximately $8,700,000 to Houston Lighting & Power Co. in reimbursement for the excess taxes it collected. In each year in question, SPTB gave the power plant values lower than the court-ordered value.[9] The Commissioner of Education has asked the Comptroller's office to adjust the taxable wealth of the Dickinson ISD as determined by the SPTB for the years 1981 through 1989.

Section 42.257 of the Education Code requires the Comptroller "to adjust its taxable property value findings for that year consistent with the final determination of the appraisal appeal" only if the final determination of the appeal "results in a reduction in the taxable value of property that exceeds five percent of the total taxable value of property in the school district for the same tax year determined under Subchapter M, chapter 403, Government Code." TEX. EDUC. CODE ANN. § 42.257 (Vernon 1996). Thus, you have a duty to adjust the taxable property value findings for the Dickinson ISD only for those years where the described reduction in values resulted from the appeal. This legislative purpose is shown in the fiscal note attached to the bill that adopted section 16.258 of the former Education Code,[10] the predecessor of subchapter M, chapter 403, Government Code:

> The Education Code sets out funding requirements and formulas for the
> foundation school program. The taxable value of property in a school district

---

[5]STATE PROPERTY TAX BOARD, ANNUAL REPORT FOR TAX YEAR 1985 5 (1985).

[6]*Id.*

[7]*See also Houston Lighting & Power Co. v. Dickinson Indep. Sch. Dist.*, 794 S.W.2d 402 (Tex. App.–Texarkana 1990, writ denied); *Houston Lighting & Power Co. v. Dickinson Indep. Sch. Dist.*, 641 S.W.2d 302 (Tex. Civ. App.–Houston [14th Dist.] 1982, writ ref'd n.r.e.) (related cases on valuation of power plant).

[8]Letter from Dovie Ellis, Deputy Comptroller, to Dan Morales, Attorney General 2 (Sept. 11, 1998).

[9]*Id.*

[10]Act of May 29, 1987, 70th Leg., R.S., ch. 849, § 1, 1987 Tex. Gen. Laws 2909.

--as determined by the State Property Tax Board (SPTB)--is one factor used in the funding formulas. . . .

. . . .

The bill would provide that the Commissioner of Education adjust a school district's foundation school fund distribution if the final determination of an appeal for a property owner resulted in a reduction of the school district's taxable value exceeding five percent of the total. . . .

. . . .

School districts that could take advantage of the bill's proposals would realize additional revenue from State funding.[11]

Accordingly, if the newly established taxable property value for the Dickinson ISD is in fact greater than the values reported by the SPTB to the Commissioner for the years in question, you have no duty to adjust taxable property values for those years or to report adjustments to the Commissioner. The $215 million figure for the taxable value of the power plant entered by the court represents a reduction from the value determined by the local appraisal district. However, the appraisal district's value is not the relevant figure for determining whether the Comptroller has a duty under section 42.257 of the Education Code to provide adjusted property values for the Dickinson ISD. Instead, it is the taxable property value calculated by the SPTB under the predecessor of Government Code, chapter 403, subchapter M, and reported to the Commissioner of Education.

The request letter shows that the taxable property value for the utility category reported by the SPTB to the Commissioner of Education was less than $215 million for the years in question. Thus, the final determination of the Houston Lighting & Power Co. appeal did not result in a reduction in the taxable value of property in the school district found by the SPTB and reported to the Commissioner of Education. Accordingly, section 42.257 of the Education Code does not require the Comptroller to adjust its taxable property value findings for the Dickinson ISD. Because no adjustments to the SPTB's taxable property value findings are necessary, we need not determine how the Comptroller should "adjust its taxable property value findings . . . consistent with the final determination of the appraisal appeal" pursuant to section 42.257 of the Education Code.

---

[11]FISCAL NOTE, Tex. H.B. 1650, 70th Leg., R.S. (May 13, 1987).

## S U M M A R Y

Pursuant to section 42.257 of the Education Code, the Commissioner of Education shall request the Comptroller to adjust taxable property values for a school district that were reported to the Commissioner for purposes of allocating the foundation school fund if a final determination of an appeal of tax liability under Tax Code chapter 42 results in a reduction in the taxable value of property exceeding five percent of the total taxable value of property in the school district for that tax year as determined under subchapter M, chapter 403, Government Code. Because the final determination of an appeal by Houston Lighting & Power Co. of its tax liability to the Dickinson Independent School District did not result in a reduction of taxable value of property in the school district as reported to the Commissioner of Education, the Comptroller has no duty under section 42.257 of the Education Code to adjust the taxable property values for the district that were reported to the Commissioner of Education.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General-General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General